**NOT FOR PUBLICATION**

FILED



AUG 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMAN FATIMAH, *et al.*, | No. 08-71770 |
| Petitioner, | Agency Nos. A079-263-871 |
| v. | A079-263-872 |
| | A079-263-873 |
| ERIC H. HOLDER, Jr., | A079-263-874 |
| Attorney General of the United States, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2012[**]
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, Chief District Judge for the United States District Court for the Eastern District of Louisiana, sitting by designation.

Arman Fatimah, an ethnic Chinese Christian and a native and citizen of Indonesia, seeks review of the order of the Board of Immigration Appeals ("BIA") that dismissed his appeal from an immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's determination that Fatimah's showing of schoolyard altercations, a confrontation with Indonesian Muslims dispersed by his uncle, and a robbery in which a native Indonesian cut him with a knife did not rise to the level of past persecution on account of a protected ground. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). Further, substantial evidence supports the BIA's determination that Fatimah's fear of future persecution is not objectively reasonable. Fatimah did not challenge the administrative finding that he failed to show a pattern or practice of persecution against ethnic Chinese and/or Christians in Indonesia. Even under a disfavored group analysis, Fatimah failed to show sufficient individualized risk to establish a well-founded fear of future persecution. *See id.* at 977-79; *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004).

2

Finally, the petitioner abandoned his CAT claim because he did not support his claim with argument. *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**